■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARMANDO CABAN, Appellant.— Judgment entered in the Supreme Court, Bronx County, on February 6, 1973 revoking defendant's previously imposed five-year term of probation and sentencing him to a term of from 7½ to 10 years' imprisonment, unanimously modified in the interest of justice, to reduce the sentence to time served and otherwise affirmed. In 1965 defendant was accused of strangling his seven-year-old nephew to death. He was indicted for first degree murder but was found incompetent to stand trial and committed to Matteawan State Hospital. Three years later he was declared mentally competent to stand trial. On March 19, 1969 defendant pleaded guilty to manslaughter in the second degree in satisfaction of the first degree murder indictment. On June 12, 1969 defendant received a five-year probation term, on condition that he undergo psychiatric assistance. Upon his failure to report to his probation officer, a warrant for his arrest was issued on September 23, 1969. On April 7, 1971 Caban was arrested for probation violation. In the interim between September, 1969 and April, 1971 the record discloses that Caban had spent substantially all of his time in mental institutions in Colorado, Oregon, Georgia and Bronx State Hospital. In June, 1972 Caban was found competent to stand trial on the probation violation charges and on February 6, 1973, the present 7½ to 10 year sentence was imposed. In his brief and upon argument, defendant's counsel argued that the People failed to disprove Caban's insanity defense and that the lengthy prison sentence was inappropriate and sought reinstatement of probation. However, having learned, after the argument, that Caban has earned credit of about eight years on his sentence, he now requests that the sentence be reduced to time served. The District Attorney, upon argument conceded that imposition of the seven and one-half year minimum was not justified. The District Attorney now advises us by letter that due to error, Caban's release date was stated to be 1982, but that by considering the four years that Caban spent in Matteawan, the time he was incarcerated after his arrest for violation of probation and his incarceration after conviction therefor, and credit for good time, his maximum time was up in July, 1974. We commend the District Attorney and defense counsel (Legal Aid Society) for their co-operation in our difficult criminal justice process of seeking justice within our adversary system. Concur — Stevens, J. P., Markewich, Capozzoli, Nunez and Yesawich, JJ.